UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-03753-SPG-SHK | JS-6 | Date | November 3, 2025 |
|---|---|---|---|---|
| Title | Isidro J. Armenta v. City of Los Angeles et al | | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| Patricia Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF PROSECUTION**

On October 22, 2025, the Court ordered Plaintiff Isidro J. Armenta ("Plaintiff") to respond within ten calendar days as to why this action should not be dismissed for lack of prosecution. *See* (*id.*). On November 3, 2025, Plaintiff filed a response. *See* (ECF No. 81). There, Plaintiff blames Defendants for delays in bringing the case to resolution, citing Defendants' "failures to supplement discovery, failures to participate in good-faith settlement negotiations, and insistence on presenting their prospective defense(s) as if they were prosecuting a criminal case." (*Id.* at 2). Plaintiff also states that he "plans to submit a Rule 56 Motion for Summary Judgment and a Rule 37 Motion for Sanctions . . . within 30 days." (*Id.* at 4).

Notwithstanding Plaintiff's response, the docket reflects that Plaintiff is not actively pursuing this matter. Under the Court's Scheduling Order (ECF No. 37-1), this case was set for trial on June 11, 2024. After Plaintiff failed to make the required trial filings by the dates set out in the Scheduling Order, the Court vacated the trial date and ordered a status conference to discuss the case schedule. *See* (ECF Nos. 63, 65-66). At the status conference, on June 26, 2024, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution. *See* (ECF No. 74 at 6:10-12, 16:1-2). The Court explained that the case was "supposed to be on the eve of trial," "defendants filed all of their [trial] documents," but Plaintiff failed to make the required pretrial filings. *See* (*id.* at 4:20-6:12, 11:13-14, 12:1). The Court therefore ordered the parties to "meet and confer and come back to the Court with a proposed trial date." (*Id.* at 16:6-7); *see also* (*id.* at 12:2-3 ("The only thing that I would be inclined to do at this point rather than go back and start over is set dates for trial.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:22-cv-03753-SPG-SHK | JS-6 | Date | November 3, 2025 |
| Title | Isidro J. Armenta v. City of Los Angeles et al | | | |

    To date, the parties have not proposed a new trial date, and Plaintiff has not taken any steps to move this case forward. The Court has now issued three orders to show cause why the case should not be dismissed for lack of prosecution. *See* (ECF Nos. 74, 78, 80). However, there has been no meaningful activity in this case since at least August 28, 2024. *See* (ECF No. 76). Although Plaintiff represents that he intends to file a motion for summary judgment, the deadline to do so passed in February 2024. *See* (ECF No. 37-1). Therefore, the Court, on its own motion, dismisses the case without prejudice. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (courts have inherent power to dismiss a case *sua sponte* for lack of prosecution).

    **IT IS SO ORDERED**.

|  |  |
|---|---|
|  | 00      00 |
|  | _____ : _____ |
| Initials of Preparer | pg |